**ALD-373**                                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3546
_____

IN RE:  JOSEPH R. FILBERT,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Crim. No. 2:12-cr-00304-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 25, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed:  October 8, 2014)
_____

OPINION
_____

PER CURIAM

Joseph R. Filbert entered a guilty plea to the charge of robbery of a postal facility.

Before he could be sentenced, he claimed, in correspondence and in open court, that

federal agents had subjected him to some sort of drug-enhanced interrogation while he

was in the custody of state authorities.  Ultimately, after ordering all medical records that

could relate to Filbert's claim, the District Court decided to hold the sentencing in

abeyance pending an evaluation of Filbert's competency.  Filbert, who had previously

complained about the District Judge presiding over his case (in, for example, a letter

submitted to another District Judge, see ECF 117) while still directing motions and documents to him, see ECF 118, then filed a document in the District Court entitled "Judicial Complaint" in which he asked the District Judge to remove himself from the case, see ECF 121.

Not long before the District Judge ordered the competency evaluation and Filbert asked the District Judge to recuse, Filbert filed a petition for writ of mandamus in this Court. Seeking the District Judge's recusal, he claims that the District Judge denied all his motions in an effort to protect a federal official who allegedly gave "him a drug interview . . . that inflicted . . . perm[anent] bodily injury to [his] brain . . . and body." He also alleges a "private meeting" that was an "ex parte communication," the details of which are not entirely clear, although it seems that he refers to a status conference that the District Judge held with counsel for Filbert and the Government.

In addition, Filbert contends that the District Judge had an "improper demeanor," which he "expressed in, open court, deny all, motion [sic]." Stating that the District Judge let social or business relationships influence his conduct, Filbert notes, without further elaboration, that counsel for the Government was "involved in this process." Filbert also claims that the District Judge allowed false medical and other records to be entered onto the docket in an effort to protect the federal government from future civil litigation. He maintains that there are "proper medical records" regarding his treatment at four hospitals that would support his claim of a drugging or an inflicted overdose when he was being investigated for a crime. In a separate motion entitled "medical injunction

2

motion for treatment," Filbert asks us to review all the medical records filed in the District Court and to order a proper brain scan, proper chronic pain management, and proper meals for him.

To the extent that Filbert argues that recusal is proper under 28 U.S.C. § 455, we may consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003); Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Furthermore, to determine whether the extraordinary writ should issue, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a). See id. at 302.

Upon review, we will deny Filbert's petition for a writ of mandamus. First, we note that the District Judge has not yet considered Filbert's recently filed request for the

3

District Judge to remove himself from the case.  Because that request (which effectively is a recusal motion) is pending, Filbert "[c]learly" cannot show that he has no other adequate means to attain the relief he desires.  See In re Kensington Int'l Ltd., 353 F.3d at 224.  For this reason, he cannot meet the standard for mandamus relief.

Furthermore, on the record before us, we discern no basis for the District Judge's recusal.  Filbert's dissatisfaction with District Court rulings does not require the District Judge's recusal.  See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Even if Government counsel persuaded the District Judge, through legal argument, to rule in the Government's favor or against Filbert, it cannot be said that the District Judge was unduly influenced by a "social or business relationship" with counsel.

Also, although Filbert complains about the District Judge's demeanor, our review of the transcripts of open court proceedings reveals nothing amiss.  The District Judge's measured and neutral remarks and statements did not suggest "deep-seated favoritism or antagonism."  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Although it is difficult to see what could have been taken as criticism, we note that even critical, disapproving, or hostile comments would not provide a basis for recusal in this case. See id.  To the extent that Filbert's claim of ex parte contacts is based on a status conference or status conferences held in his absence, we note that the minutes of those conferences reflect that counsel for both sides were present (and there is no evidence of private meetings between the District Judge and one of the parties or attorneys).

4

Moreover, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). The District Judge allowed Filbert to express his concerns about a drug-induced interrogation. The District Judge also obtained and reviewed the medical records that Filbert asserted would prove his claim. Filbert's contentions that the records were false and the District Judge's motive in including the records on the docket was to protect the federal government from future civil litigation are, at best, too speculative to be considered as bases for recusal.[1]

In short, we will deny Filbert's mandamus petition. We also deny his motion entitled "medical injunction motion for treatment."

---

[1] Filbert's claim that motions were denied to protect a federal official who allegedly drugged him also falls into this category.